1  KAREN P. HEWITT
   United States Attorney
2  DOUGLAS KEEHN
   Assistant U.S. Attorney
3  California State Bar No. 233686
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-6549
   Fax: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,       )  Criminal Case No. 08CR2583-W
                                   )
12            Plaintiff,           )  **RESPONSE IN OPPOSITION TO**
                                   )  **DEFENDANT'S MOTIONS TO:**
13        v.                       )
                                   )  **(1) COMPEL DISCOVERY;**
14 JUAN RUBEN PRIETO-APARICIO,     )  **(2) PRESERVE EVIDENCE; AND**
                                   )  **(3) GRANT LEAVE FOR FURTHER MOTIONS**
15            Defendant.           )
                                   )  Date:    September 15, 2008
16                                 )  Time:    2:00 p.m.
                                   )  Court:   The Hon. Thomas J. Whelan
17 _____)

18        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19 United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Douglas Keehn, and hereby

20 files its Response in Opposition to Defendant's Motions to Compel Discovery, to Preserve

21 Evidence, and For Leave to File Further Motions. This Response in Opposition is based upon the

22 files and records of this case, together with the attached Statement of Facts, Memorandum of

23 Points and Authorities.

24 //

25 //

26 //

27 //

28 *//*

1

**I**

2

**STATEMENT OF FACTS**

3

    **A. <u>Statement of the Case</u>**

4

        On August 6, 2008, an Indictment was returned in the Southern District of California

5

charging Defendant Juan Ruben Prieto-Aparicio ("Defendant") with unlawful attempted re-entry

6

into the United States, in violation of 8 U.S.C. § 1326(a) and (b).  On August 14, 2008, the Court

7

arraigned Defendant on the Indictment and Defendant entered a "not guilty" plea.  The Court

8

scheduled a motion hearing date for September 15, 2008.

9

    **B. <u>Statement of Facts</u>**

10

      **1. Defendant's Arrest**

11

        On June 26, 2008, United States Border Patrol Agent Arthur Zamora was performing line

12

watch duties at the Imperial Beach Border Patrol Station area of responsibility along the

13

international boundary between the United States and the Republic of Mexico.  At approximately

14

1:00 a.m. a remove video surveillance operator advised Agent Zamora that three suspects had

15

jumped the secondary barrier fence at "The Steel Yard," approximately three miles east of the San

16

Ysidro Port of Entry and 50 yards north of the international boundary.  Agent Zamora responded

17

to the location and after a brief search found Defendant with two other suspects.  Based upon the

18

observations related by the remote surveillance operator, Defendant's proximity to the international

19

boundary, and the fact that Defendant had been found in a location frequently used by aliens for

20

illegal entry into the United States, Agent Zamora identified himself as a Border Patrol Agent and

21

conducted an immigration interview.  All three individuals, including Defendant, admitted to being

22

citizens of the Republic of Mexico without documentary permission  to enter and remain in the

23

United States.  All three suspects were taken into custody at approximately 1:20  a.m., and were

24

transported to the Imperial beach Border Patrol Station for processing.  A check of Defendant's

25

biographic and biometric information confirmed Defendant's criminal and immigration history.

26

    **2. Defendant's Post-Arrest Statements**

27

        At approximately 5:23 a.m. Border Patrol Agent Juan Gonzalez, in the presence of Border

28

Patrol Agent Luke Dithrich,  advised Defendant of his rights under <u>Miranda</u>.  Defendant indicated

1    he understood those rights and waiving those rights again admitted he was a citizen of the Republic

2    of Mexico and that he had illegally entered the United States just prior to arrest.  Defendant stated

3    that he had intended to travel to and seek employment in Sacramento, California.

4              **C. <u>Defendant's Criminal and Immigration History</u>**

5          On June 27, 2007, Defendant was convicted in the State of California, Sacramento Superior

6    Court, for a misdemeanor violation of Health and Safety Code Section 11377, Possession of a

7    Controlled Substance, for which he was sentenced to thirty days in custody and three years

8    probation.  On December 3, 2007, Defendant was convicted in the United States District of

9    Arizona for a violation of 8 U.S.C. § 1326, Illegal Re-entry into the United States, and was

10    sentenced to four months in custody and three years probation.

11          On July 30, 2007, an Immigration Judge ordered Defendant deported from the United

12    States and on that date Defendant was removed through the San Ysidro, California, Port of Entry.

13    On January 8, 2008, Defendant was again removed from the United States through Nogales,

14    Arizona.

15                              **II**

16               **<u>MOTIONS TO COMPEL DISCOVERY</u>**

17          The Government has provided Defendant with 26 pages of discovery, the complaint and

18    statement of facts, reports from the apprehending agents, Defendant's prior conviction documents

19    and a DVD.  Further discovery subsequent to the Government's receipt of Defendant's A-File and

20    counsel's viewing of that file last Friday, September 5, 2008, is immediately forthcoming.  In spite

21    of Defendant's concerns, the Government simply does not possess large volumes of discoverable

22    material in this matter as a result of Defendant's comparatively acute criminal and immigration

23    history.

24          With respect to Defendant's discovery motions, the Constitution requires the Government

25    to preserve evidence "that might be expected to play a significant role in the suspect's defense."

26    <u>California v. Trombetta</u>, 467 U.S. 479, 488 (1984).  To require preservation by the Government,

27    such evidence must (1) "possess an exculpatory value that was apparent before the evidence was

28    destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable

1   evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d

2   1104, 1113-14 (9th Cir. 2001).  The Government will make every effort to preserve evidence it

3   deems to be relevant and material to this case.  Any failure to gather and preserve evidence,

4   however, would not violate due process absent bad faith by the Government that results in actual

5   prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v.

6   Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir.

7   2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

8         The Government will produce documentation regarding any removals and/or proceedings

9   that the Government intends to introduce at trial.  As noted, the Government recently received and

10  defense counsel viewed Defendant's A-File.  Additional discovery is thus forthcoming by

11  agreement, resolving Defendant's preliminary concerns as raised in his Motion.  However, the

12  Government objects to providing the defendant with the entire A-file as Defendant has requested

13  in his motion because the A-file contains attorney work product and other information that is not

14  discoverable.  Moreover, this information is equally available to Defendant through a Freedom of

15  Information Act request.  Even if Defendant could not ascertain the A-File through such a request,

16  the A-File is not Rule 16 discoverable information.  The A-File contains information that is not

17  discoverable like internal government documents and witness statements.  See Fed. R. Crim. P.

18  16(a)(2).  Witness statements would not be subject to production until after the witness for the

19  Government testifies and provided that a "motion" is made by Defendant.  See Fed. R. Crim. P.

20  16(a)(2) and 26.2.  Thus, the A-File associated with Defendant need not be disclosed.   The

21  Government has produced and will continue to produce documents it intends to use in its case-in-

22  chief. Evidence is material under Brady only if there is a reasonable probability that had it been

23  disclosed to the defense, the result of the proceeding would have been different. See United States

24  v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not shown how

25  documents in the A-File are material.  Finally, Defendant does not own the A-File.  It is an agency

26  record. See United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File

27  documents are admissible as public records).  Defendant's additional concerns are addressed as

28  follow.

**(1) Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve original notes of interviews of an accused or prospective government witnesses).

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

1   insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable

2   under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to Defendant.

3                  **(2) Arrest reports, notes, dispatch tapes, audio/video recordings**

4        The Government has provided Defendant with all known reports related to Defendant's

5   arrest in this case that are available at this time. The Government will continue to comply with its

6   obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the

7   Government has no objection to the preservation of the agents' handwritten notes, but objects to

8   providing Defendant with a copy of the rough notes at this time because the notes are not subject

9   to disclosure under Rule 16, the Jencks Act, or <u>Brady</u>. The Government is presently unaware nor

10   in possession of dispatch tapes relating to the Defendant's arrest in this case.  In addition, the

11   Government has already discovered a copy of the Report of Investigation for Defendant's case.

12        The Government is neither in possession of nor aware of the existence any video

13   surveillance tapes in this matter.  The location all permanent remote surveillance devices is not

14   discoverable.  Absent any showing of specific relevance and discoverable value, or that the

15   information is exculpatory, the motion should be denied.

16                  **(3) <u>Brady</u> Material**

17        The Government has and will continue to perform its duty under <u>Brady</u> to disclose material

18   exculpatory information or evidence favorable to Defendant when such evidence is material to

19   guilt or punishment. The Government recognizes that its obligation under <u>Brady</u> covers not only

20   exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

21   behalf of the Government. <u>See Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United States</u>

22   <u>v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

23   requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10

24   (1976). "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable

25   probability that, had the evidence been disclosed to the defense, the result of the proceeding would

26   have been different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

27   determination of materiality is based on the "suppressed evidence considered collectively, not item

28   by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

1    Brady does not, however, mandate that the Government open all of its files for discovery.

2    See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

3    Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

4    (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

5    defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

6    (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,

7    389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

8    undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or

9    control over. (See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does

10    Brady require the Government "to create exculpatory evidence that does not exist," United States

11    v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

12    a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d

13    432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the

14    defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand

15    for this information is premature.

16    **(4)   Information That May Result in a Lower Sentence Under the Guidelines**

17    The Government has provided and will continue to provide the defendants with all Brady

18    material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is

19    not required to provide information bearing on Defendant's sentence until after Defendant's

20    conviction or guilty plea and prior to his sentencing date. See United States v. Juvenile Male, 864

21    F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the

22    defendants at a time when the disclosure remains in value").

23    **(5) Defendant's Prior Record**

24    The Government has already provided Defendant with a copy of any criminal record in

25    accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

26    //

27    //

28    //

1     **(6) Proposed 404(b) (and 609) Evidence**

2         Should the Government seek to introduce any "similar act" evidence pursuant to Federal

3 Rules of Evidence 404(b) or 609(b), the Government will provide Defendant with notice of its

4 proposed use of such evidence and information about such bad act at or before the time the

5 Government's trial memorandum is filed.  The Government reserves the right to introduce as prior

6 act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

7     **(7) Evidence Seized**

8         The Government has complied and will continue to comply with Rule 16(a)(1)(c) in

9 allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

10 evidence which is within the possession, custody or control of the Government, and which is

11 material to the preparation of Defendant's defense or are intended for use by the Government as

12 evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

13 The Government, however, need not produce rebuttal evidence in advance of trial. <u>United

14 States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

15     **(8) Tangible Objects**

16         The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

17 allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy any

18 tangible objects seized that are within its possession, custody, or control, and that are either

19 material to the preparation of Defendant's defense, or are intended for use by the Government as

20 evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The

21 Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v.

22 Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

23     **(9) Evidence of Bias or Motive To Lie**

24         The Government is unaware of any evidence indicating that a prospective witness is biased

25 or prejudiced against Defendant. The Government is also unaware of any evidence that

26 prospective witnesses have a motive to falsify or distort testimony.

27 //

28 //

**(10) Impeachment Evidence**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(11) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976); <u>United States v. Riley</u>, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. <u>United States v. Rinn</u>, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(c) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(12) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth-Telling**

The Government is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection or ability to communicate. The Government objects to providing any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic

1    because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other

2    Constitutional or statutory disclosure provision.

3        **(13) Witness Addresses**

4        The Government has already provided Defendant with the reports containing the names

5    of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-

6    capital case, however, has no right to discover the identity of prospective Government witnesses

7    prior to trial. <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974

8    F.2d 1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985));

9    <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum,

10   the Government will provide Defendant with a list of all witnesses whom it intends to call in its

11   case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>,

12   960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

13       The Government objects to any request that the Government provide a list of every witness

14   to the crimes charged who will not be called as a Government witness. "There is no statutory basis

15   for granting such broad requests," and a request for the names and addresses of witnesses who will

16   not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-</u>

17   <u>Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502

18   (D. Del. 1980)). The Government is not required to produce all possible information and evidence

19   regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8

20   (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

21   of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

22       Defendant has also requested the names and last known addresses of every possible witness

23   to the crime alleged and of any overt acts committed in furtherance of the crime alleged.  Again,

24   absent a showing that the information is actually discoverable under Rule 16 or is exculpatory,

25   Defendant is not entitled to the information and his motion should be denied.

26   //

27   //

28   //

1       **(14) Names of Witnesses Favorable to the Defendant**

2           The Government willl comply with its obligations under <u>Brady</u> and its progeny. At the

3   present time, the Government is not aware of any witnesses who have made an arguably favorable

4   statement concerning Defendant.

5       **(15) Statements Relevant to the Defense**

6           Again, the Government will comply with all of its discovery obligations. However, "the

7   prosecution does not have a constitutional duty to disclose every bit of information that might

8   affect the jury's decision; it need only disclose information favorable to the defense that meets the

9   appropriate standard of materiality." <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted). Specifically,

10  Defendant has requested copies of the grand jury transcripts.  As with many of Defendant's

11  requests, Defendant has failed to demonstrate that the information is actually discoverable under

12  Rule 16, or that it is exculpatory.  For these reasons, the motion should be denied.

13      **(16) Jencks Act Material**

14          The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

15  on direct examination, the Government must give the Defendant any "statement" (as defined by

16  the Jencks Act) in the Government's possession that was made by the witness relating to the

17  subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

18  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

19  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

20  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

21  are read back to a witness to see whether or not the government agent correctly understood what

22  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

23  Act.  <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United</u>

24  <u>States</u>, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

25  material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

26  material well in advance of trial to avoid any needless delays.

27  //

28  //

1    **(17) <u>Giglio</u> Information**

2        As stated previously, the Government will comply with its obligations pursuant to <u>Brady</u>

3    <u>v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

4    1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

5        **(18) Reports of Scientific Tests or Examinations**

6        The Government is not aware of any scientific tests or examinations at this time but, if

7    any scientific tests or examinations were conducted or are conducted in the future, the Government

8    will provide Defendant with any reports of any such tests or examinations in accordance with Rule

9    16(a)(1)(F).

10        **(19) <u>Henthorn</u> Material**

11        The Government will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991)

12    and request that all federal agencies involved in the criminal investigation and prosecution review

13    the personnel files of the federal law enforcement inspectors, officers, and special agents whom

14    the Government intends to call at trial and disclose information favorable to the defense that meets

15    the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir.

16    2002)(citing <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

17    Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

18    files is "material," the information will be submitted to the Court for an in camera inspection and

19    review.

20        **(20) Informants and Cooperating Witnesses**

21        If the Government determines that there is a confidential informant who has information

22    that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of

23    a cause," the Government will either disclose the identity of the informant or submit the

24    informant's identity to the Court for an in-chambers inspection. <u>See</u> <u>Roviaro v. United States</u>, 353

25    U.S. 53, 60- 61 (1957); <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1505 (9th Cir. 1997).

26        **(21) Expert Witnesses**

27        The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

28    summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include expert witnesses' qualifications, expert witnesses' opinions, and the bases and reasons for those opinions.

### (22) Personnel Records of Government Officers Involved in the Arrest

The Government objects to Defendant's requests that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case, regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and special agents to testify. As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

### (23) Training of Relevant Law Enforcement Officers

The Government objects to providing Defendant with a copy of all policies, training instructions, and manuals issued by all law enforcement agencies involved in this case. The requested policies, training instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision. Even if one or more of the inspectors, officers, or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights were not violated in this case. <u>United States v. Caceres</u>, 440 U.S. 741, 744 (1979); <u>United States v. Hinton</u>, 222 F.3d 664 (9th Cir. 2000).

### (24) Names and Contact Information for All Agents in the Field at the Time of Arrest

Again, the Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. In his Motion Defendant additionally requests the name and contact information of every "agent to the crime or crimes charged... who will <u>not</u> be called as a Government witness." Defendant's <u>Motions to Compel Discovery</u>, 9 (emphasis original). Insofar as "agent to the crime" refers to co-defendants, Defendant is the sole defendant charged in this matter and that request is moot.

1    The Government also objects to a request including a list of agency-affiliated <u>non-</u>

2    witnesses to the crime charged who will consequently <u>not</u> be called as witnesses. "There is no

3    statutory basis for granting such broad requests," and a request for the names and addresses of

4    witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United</u>

5    <u>States v. Hsin-Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513

6    F. Supp. 444, 502 (D. Del. 1980)).  The Government is not required to produce all possible

7    information and evidence regarding any speculative defense claimed by Defendant. <u>Wood v.</u>

8    <u>Bartholomew</u>, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are

9    not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure

10   under <u>Brady</u>).  Again, absent a showing that the information is actually discoverable under Rule

11   16 or is exculpatory, Defendant is not entitled to the information and his motion should be denied.

12       **(25)    Agreements Between the Government and Witnesses**

13       An agreement that the Government makes with a witness for testimony in exchange for

14   money or in exchange for favorable treatment in the criminal justice system is generally subject

15   to disclosure as impeachment evidence under <u>Brady</u> and <u>Giglio</u>.  <u>See</u> <u>United States v. Kojayan</u>,

16   8 F.3d 1315, 1322-23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002).

17   As stated above, the Government will provide any <u>Giglio</u> information in connection with this case

18   no later than two weeks prior to trial.

19       **(26) Residual Request**

20       The Government will comply with all of its discovery obligations, but objects to the broad

21   and unspecified nature of Defendant's residual discovery request.

22                                    **III**

23                **REQUEST FOR PRESERVATION OF EVIDENCE**

24       After issuance of a an order from the Court, the Government will preserve all evidence

25   to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United

26   States objects to Defendant's blanket request to preserve all physical evidence. The United States

27   has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an

28   opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is

1   within his possession, custody or control of the United States, and which is material to the

2   preparation of Defendant's defense or are intended for use by the United States as evidence in

3   chief at trial, or were obtained from or belong to Defendant, including photographs. The United

4   States has made the evidence available to Defendant and Defendant's investigators and will

5   comply with any request for inspection.

6                                            IV

7                **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

8           The Government does not object to the granting of leave to file further motions as long

9   as the further motions are based on newly discovered evidence or discovery provided by the

10  Government subsequent to the instant motion at issue.

11                                            V

12                                    **CONCLUSION**

13          For the foregoing reasons, the Government respectfully requests that the Court deny

14  Defendant's motions, except where unopposed, and grant the Government's motions for

15  reciprocal discovery and to compel a fingerprint exemplar.

16          DATED: September 8, 2008

17                                              Respectfully submitted,

18                                              KAREN P. HEWITT
                                                United States Attorney
19

20                                              /s/ **Douglas Keehn**
                                                DOUGLAS KEEHN
21                                              Assistant United States Attorney
                                                Attorneys for Plaintiff
22                                              United States of America

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,       )   Criminal Case No. 08CR2583-W

4

                             Plaintiff,  )
                                   )

5

                            v.         )   CERTIFICATE OF SERVICE
                                 )

6

JUAN RUBEN PRIETO-APARICIO,   )
                                 )

7

                       Defendant.  )

8

                                 )

9

IT IS HEREBY CERTIFIED THAT:

10

       I, Douglas Keehn, am a citizen of the United States and am at least eighteen years of

11

age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

       I am not a party to the above-entitled action.  I have caused service of **RESPONSE IN
OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY,**

13

**PRESERVE EVIDENCE AND GRANT LEAVE TO FILE FURTHER MOTIONS** on the
following parties by electronically filing the foregoing with the Clerk of the District Court

14

using its ECF System, which electronically notifies them.

15

       **KRIS J. KRAUS**
       Federal Defenders of San Diego

16

       225 Broadway Suite 900
       San Diego, CA 92101-5008

17

       (619)234-8467
       Email: Kris_Kraus@fd.org

18

       *Attorney for Defendant*

19

       I hereby certify that I have caused to be mailed the foregoing, by the United States

20

Postal Service, to the following non-ECF participants on this case:

21

       None

the last known address, at which place there is delivery service of mail from the United States

22

Postal Service.

       I declare under penalty of perjury that the foregoing is true and correct.

23

24

       Executed on September 8, 2008

25

26

                             /s/ *Douglas Keehn*
                              DOUGLAS KEEHN

27

28