| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | DOUGLAS KEEHN |
|   | Assistant U.S. Attorney |
| 3 | California Bar. No. 233686 |
|   | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6549 |
|   | Email: douglas.keehn@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2583-W |
|  | ) |  |
| Plaintiff, | ) | DATE: September 15, 2008 |
|  | ) | TIME: 2:00 p.m. |
| v. | ) | COURTROOM: 7 |
|  | ) | Before Honorable Thomas J. Whelan |
| JUAN PABLO PRIETO-APARICIO, | ) |  |
|  | ) | UNITED STATES' RESPONSE IN |
| Defendant(s). | ) | OPPOSITION TO DEFENDANT'S |
|  | ) | MOTIONS TO: |
|  | ) |  |
|  | ) | (1) DISMISS FOR FAILURE TO STATE OFFENSE; |
|  | ) | (2) SUPPRESS PRE-MIRANDA STATEMENTS; |
|  | ) | (3) REQUEST GRAND JURY TRANSCRIPTS; AND |
|  | ) | (4) LEAVE TO FILE FURTHER MOTIONS; |
|  | ) |  |
|  | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
|  | ) |  |

//

//

//

//

//

1       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
2 Karen P. Hewitt, United States Attorney, and Douglas Keehn, Assistant U.S. Attorney, and hereby
3 files its Response In Opposition to Defendant's Motions in the above-captioned case. Said
4 motions are based upon the files and records of this case together with the attached statement of
5 facts and memorandum of points and authorities.
6       DATED: September 8, 2008.

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                s/ Douglas Keehn
                                                DOUGLAS KEEHN
                                                Assistant United States Attorney

| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | DOUGLAS KEEHN |
| | Assistant U.S. Attorney |
| 3 | California Bar. No. 233686 |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6549 |
| | Email: douglas.keehn@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2583-W |
|---|---|---|
| Plaintiff, | ) | DATE:           September 15, 2008 |
| | ) | TIME:            2:00 p.m. |
| v. | ) | COURTROOM:  7 |
| | ) | Before Honorable Thomas J. Whelan |
| JUAN PABLO PRIETO-APARICIO, | ) | |
| | ) | UNITED STATES' STATEMENT OF |
| Defendant(s). | ) | FACTS AND MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES |
| | ) | |

**I**

**STATEMENT OF THE CASE AND FACTS**

The United States hereby incorporates by reference the statement of the case and statement of facts set forth in its Response in Opposition to Defendant's Motions to Compel Discovery, Preserve Evidence and Grant Leave to File Further Motions filed September 8, 2008.

**II**

**DEFENDANT'S MOTIONS**

A.      **THE INDICTMENT PROPERLY STATES THE OFFENSE**

   1.      **The Indictment's Allegation of Overt Act is Sufficient**

Defendant asserts that the indictment "fails to state an offense," since it does not allege that he committed an overt act. [Def. Motion at 2.] Defendant misreads the Indictment which states,

3

"[D]efendant JUAN RUBEN PRIETO-APARICIO... committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step toward committing the offense..." [Indictment at 1.] Moreover, Defendant's motion to dismiss the Indictment is based on a Ninth Circuit case that has been overruled by the Supreme Court. [Def. Motion at 2-4 (relying on United States v. Resendiz-Ponce, 425 F.3d 729 (9th Cir. 2005), overruled by US v. Flores-Sanchez, 477 F.3d 1089 (2007).] As such, Defendant's argument is also foreclosed by Supreme Court precedent.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In Resendiz-Ponce, the Supreme Court expressly held that an indictment alleging attempted illegal reentry need not specifically allege a particular overt act or any other component part of the offense. See 127 S.Ct. 782, 787-88 (emphasis added). The Court noted that "[n]ot only does the word 'attempt' as used in the common parlance connote action rather than mere intent, but more importantly, as used in the law for centuries, it encompasses both the overt act and intent elements." Id. at 787. The word "attempt" coupled with the specification of the time and place of the defendant's attempted illegal reentry was sufficient to inform the defendant of the charges against him and to enable ample protection against multiple prosecutions for the same crime. Id. at 788 (applying the logic in Hamling v. United States, 418 U.S. 87, 117-19, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). For these reasons, the Court concluded that the indictment in Resendiz-Ponce complied with Rule 7(c)(1) and did not deprive the defendant of any significant constitutional protections. Resendiz-Ponce, 127 S.Ct. at 788.

Defendant also argues that the Indictment should be dismissed because it does not allege an overt act as a "substantial step towards committing the offense." [Def. Motion at 3-4.] The language of the Indictment moots this argument, but the argument is likewise foreclosed by the Supreme Court's holding in Resendiz-Ponce. The Court held that the words "took a substantial step" were implicit in the word "attempt." Id. at 788 n.4. As such, the Court in any event did not

1  believe that adding those four words to the indictment would have given the defendant greater
2  notice of the charges against him or protection against future prosecution. Id.

3  As with to the indictment in Resendiz-Ponce, the Indictment in this case also implicitly
4  alleges that Defendant engaged in the necessary overt act by stating that Defendant "attempted to
5  enter the United States" by crossing the border from Mexico into the United States on or about
6  June 26, 2008. This alone is sufficient to allege the elements of the offense, and therefore, the
7  Indictment was not defective. See id. at 787-88. The words "substantial step," found in the
8  Indictment, are nevertheless unnecessary to give Defendant greater constitutional protection. See
9  id. at 788 n.4. Thus, Defendant's motion to dismiss the Indictment on this ground should be
10 denied.

11 **2.    Failure to Set Out Date of Prior Felony Conviction and Prior Removal**

12 Defendant next argues that the Court should dismiss the Indictment for failure to allege
13 both the dates of a previous felony conviction and of a previous removal from the United States,
14 subsequent to that conviction. [Def. Mot. at 11.] This argument also lacks merit.

15 As the Ninth Circuit teaches in its decision in United States v. Salazar-Lopez, 506 F.3d 748
16 (9th Cir. 2007), "the date of the removal, or at least the fact that [defendant] had been removed
17 after his conviction" should be alleged in the indictment. Id. at 752. The indictment addressed by
18 the Ninth Circuit in Salazar-Lopez did not have the requisite language, and therefore the Court
19 performed a harmless error analysis. Id. at 752-755. Here, however, the Indictment expressly
20 states: "It is further alleged that defendant JUAN RUBEN PRIETO-APARICIO was removed from
21 the United States subsequent to December 3, 2007." That date correlates with Defendant's prior
22 conviction and is consistent with Salazar-Lopez. As such, the Court should deny Defendant's
23 motion to dismiss.

24 **B.    MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED**

25 Defendant moves to suppress pre-Miranda statements. This request should be denied.
26 Defendant's field admissions are admissible as made within a routine border inspection.

27

28                                                    5

1  Moreover, there was more than adequate cause to arrest Defendant for violation of 8 U.S.C. § 1326
2  after the initial border inspection conducted by Agent Zamora. Defendant's field admissions were
3  not made during a custodial interrogation.

### 1. Probable Cause to Arrest

Agent Zamora was alerted to suspects crossing the secondary fence in his patrol area. Upon arriving in the area, Agent Zamora observed three individuals in the area known as "The Steel Yard," an area commonly used for illegal entry into the United States. Agent Zamora approached the individuals and identified himself as a U.S. Border Patrol Agent. He questioned the individuals as to their citizenship and all individuals, including Defendant, stated that they were citizens of Mexico without permission to enter or remain in the United States. There was more than adequate cause to detain and arrest Defendant.

### 2. Defendant's Immigration Inspection Statements Are Admissible

Defendant's statements made prior to his arrest were made in the context of routine border questioning by a United States Border Patrol Agent, the type of questions which have been found by the Supreme Court and the Ninth Circuit to be insufficient to trigger constitutional protections. Detaining a person for routine border questioning is not custodial. United States v. Troise, 796 F.2d 310, 314 (9th Cir. 1986); see also United States v. Galindo-Gallegos, 244 F.3d 728, 731 (9th Cir.), modified by 255 F.3d 1154 (9th Cir. 2001). The Miranda requirement applies only when a defendant is in custody and undergoes custodial interrogation. The police do not need to give Miranda warnings before the defendant is in custody. United States v. Booth, 669 F.2d 1231, 1237 (9th Cir. 1981).

The facts in this case indicate that Defendant was not in custody during the immigration inspection and therefore Miranda would not apply. Defendant was reasonably detained while the Agent conducted an ordinary immigration inspection. The law states that detention for this purpose is permissible. See Stansbury v. California, 114 S.Ct. 1526 (1994) (defendant must be "in custody" to trigger need for Miranda warnings); Berkemer v. McCarty, 468 U.S. 442 (1984)

1  (police officer whose "observations lead him reasonably to suspect" that an individual has
2  committed a crime, may briefly detain that person to investigate the circumstances that provoked
3  the officer's suspicions); United States v. Manasen, 909 F.2d 1357, 1358-59 (9th Cir. 1990)
4  (routine questioning by customs officials is normally not custodial interrogation that triggers
5  Miranda); United States v. Troise, 796 F.2d 310, 314 (9th Cir. 1986) (same); United States v.
6  Woods, 720 F.2d 1022 (9th Cir. 1983) (brief questioning at airport based upon reasonable
7  suspicion did not trigger Miranda).

8  Here, Agent Zamora encountered Defendant just north of the United States-Mexico border.
9  The Agent questioned Defendant as to his citizenship and right to be in the country. During this
10 questioning, Defendant was not placed in handcuffs or searched. Defendant responded that he was
11 a citizen of the Republic of Mexico with no legal right to be in the United States. These pre-
12 custodial statements are admissible. Pennsylvania v. Muniz, 496 U.S. 582, 601-04 (1990) (even
13 if incriminating, answers elicited prior to Miranda warnings during procedures "necessarily
14 attendant to the police procedure [are] held by the court to be legitimate" and admissible).

### 3. Defendant Was Not Interviewed in a "Police-Dominated Atmosphere" or Under Other Factors Identified in US v. Kim.

17 Defendant attempts to analogize the circumstances of his field interview with the facts in
18 United States v. Kim, 292 F.3d 971 (9th Cir. 2002), where the court affirmed suppression of
19 defendant Kim's statements where law enforcement contacted her in her own premises (a store),
20 "took over complete control" of the store, physically isolated Kim from family members who were
21 otherwise present, conducted a "full-fledged interrogation" lasting nearly an hour, were in the
22 process of searching the premises, had previously confronted her about suspected activity, had
23 previously entered her store in search of one of her employees, and questioned her in great detail
24 about her business and customers. Id. at 977-78. The court held that these circumstances had
25 effectively placed Kim under arrest. Id.

The Kim facts are inconsistent with the circumstances in this matter. Here, Defendant entered the Agent's area of responsibility (not *vice-versa*), the Defendant was located in the open fifty yards north of the United States border, there is no indication that Agent Zamora had somehow previously contacted or intimidated Defendant in relation to this arrest, the Agent did not physically isolate Defendant from his traveling companions (or, for that matter, any further than Defendant himself had so done), the Agent briefly questioned Defendant as to his immigration status, Defendant was not being physically searched, and Defendant and his traveling companions outnumbered Agent Zamora three-to-one. Defendant was observed entering the United States at approximately 1:00 a.m. and was arrested at approximately 1:20 a.m. Unlike Kim's lengthy and "full-fledged interrogation," Defendant's entire encounter with Agent Zamora prior to arrest lasted less than 20 minutes and appropriately involved specific details relating to Defendant's immigration status.

In fact, the court in Kim made the applicable distinction to Defendant's fact pattern. Referencing controlling law in Terry v. Ohio, 392 U.S. 1 (1968), and Berkemer v. McCarthy, 468 U.S. 420 (1984), the court affirmed that in a brief Terry detention officers may, without giving Miranda warnings, ask a moderate number of questions to determine a suspect's identity and to try to obtain information confirming or dispelling the officer's suspicions. Kim, 292 F.3d at 976. That analysis applies to the facts in this case, whereas the operative facts in Kim do not analogize.

**4.    The Motion for Evidentiary Hearing Should Be Denied**

This Court should deny Defendant's suppression motion without a suppression hearing. Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer. In these circumstances, the district court was not required to hold an evidentiary hearing."); United States

1  v. Wardlow, 951 F.2d 1115 (9th Cir. 1991) (defendant forfeited right to evidentiary hearing on motion to suppress by not properly submitting declaration pursuant to similar local rule in Central District of California); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (stating that boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1g(1) (stating that "[c]riminal motions requiring predicate factual finding shall be supported by declaration(s). . . . The Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition.").

Here, Defendant has failed to support his allegations with a declaration, in violation of Criminal Local Rule 47.1(g). Moreover, Defendant's allegations fail to establish a Miranda violation, vitiating the basis for an evidentiary hearing. Cf. United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist" (citation omitted).

Defendant does not allege coercion, threats, or promises induced him to make his statements. Defendant does not allege that he invoked his rights while in custody. "The fundamental import of the privilege while an individual is in custody is . . .whether he can be interrogated . . .Volunteered statements of any kind are not barred by the Fifth Amendment . . . ." Miranda, 384 U.S. at 478. Without custodial interrogation there is no Miranda violation, and a voluntary statement is admissible. See Medeiros v. Shimoda, 889 F.2d 819, 825 (9th Cir. 1989). For all the above reasons, this Court should deny Defendant's motion for an evidentiary hearing on the facts alleged. See Batiste, 868 F.2d at 1092 (stating that Government proffer alone is adequate to defeat a motion to suppress where the defense fails to adduce specific and material disputed facts).

//

//

9

## C. THE MOTION TO PRODUCE THE GRAND JURY TRANSCRIPT SHOULD BE DENIED

Defendant seeks production of the grand jury transcripts yet fails to support his motion with the requisite need to invade the sanctity of the grand jury's deliberations. As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). Defendant has not suggested any ground on which proceedings before the grand jury would warrant dismissal of the Indictment. It is well settled that the grand jury may indict someone based on inadmissible evidence or evidence obtained in violation of the rights of the accused. See United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); United States v. Calandra, 414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination) ; Lawn v. United States, 355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969); Johnson v. United States, 404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th Cir. 1968);  Huerta v. United States, 322 F.2d 1 (9th Cir. 1963).

The Ninth Circuit has recognized the grand jury's unique history, secrecy, and role. See United States v. Navarro-Vargas, 408 F.3d 1184, 1188-1201 (9th Cir. 2005). Tracing the history of the grand jury from English common law, the U.S. Supreme Court has observed that grand jurors were not hampered by technical or evidentiary laws, and traditionally could return indictments based not on evidence presented to them at all, but on their own knowledge of the facts. See Costello, 350 U.S. at 363. In light of this tradition, the Court held that "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which

grand juries must act," and that grand jury indictments could not be challenged based on the insufficiency or incompetence of the evidence. Id. Rather, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." Id. at 409.

There is no basis upon which to dismiss the Indictment. Indeed, Defendant does not and cannot identify a single untoward thing that might have occurred before the grand jury which could possibly warrant dismissal. As such, his request for transcripts should be denied.

**D.    LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to file further motions, as long as the order applies equally to both parties and the additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

### III

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that, except where unopposed, Defendant's Motions be denied.

DATED: September 8, 2008.

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                s/ Douglas Keehn
                                                DOUGLAS KEEHN
                                                Assistant United States Attorney

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PABLO PRIETO-APARICIO,<br><br>Defendant. | Case No. 08CR2583-W<br><br><br>CERTIFICATE OF SERVICE |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, DOUGLAS KEEHN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Kris J. Kraus, Esq.**
Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2008.

                                                s/ Douglas Keehn
                                                DOUGLAS KEEHN